**2017-1060, 2017-1093**

# United States Court of Appeals for the Federal Circuit

CAVE CONSULTING GROUP, LLC,

*Plaintiff/Appellee/Cross-Appellant,*

*v.*

OPTUMINSIGHT, INC.,

*Defendant/Appellant/ Cross-Appellee.*

*Appeal from the United States District Court for the Northern District of California in Case No. 5:11-CV-00469-EJD, Edward J. Davila, Judge*

## MOTION TO DISMISS APPEALS

RICHARD L. BROPHY
MARK A. THOMAS
ZACHARY C. HOWENSTINE
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard
St. Louis, MO 63105
(314) 621-5070
rbrophy@armstrongteasdale.com
mathomas@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
*Counsel for Appellee*

November 22, 2016

## NATURE AND GROUNDS FOR MOTION

Pursuant to Rule 27(f) of the United States Court of Appeals for the Federal Circuit Rules of Practice, Appellee/Cross-Appellant Cave Consulting Group, LLC ("CCGroup") hereby moves to dismiss the parties' respective appeals for lack of appellate jurisdiction. There is no appealable final judgment in this patent infringement matter because the District Court has not ruled on CCGroup's motion to set an ongoing royalty rate.[1] The District Court stated that it would not decide that issue until after any appeals are concluded.

## COMPLIANCE WITH FCRP 27(a)(5)

CCGroup discussed this Motion to Dismiss with Appellant/Cross-Appellee OptumInsight, Inc. ("OptumInsight") pursuant to FCRP 27(a)(5). OptumInsight opposes this motion and intends to file a response.

## PROCEDURAL BACKGROUND

In the district court, CCGroup and OptumInsight asserted patent infringement claims against one other. On April 3, 2015, a jury returned a verdict finding OptumInsight liable on CCGroup's claim and awarding CCGroup $12,325,000 in damages. The jury found CCGroup not liable on OptumInsight's patent

---

[1] Additionally, the District Court, after granting CCGroup's motion to amend the judgment, did not enter an amended final judgment from which any appeals may be taken. CCGroup intends to ask the District Court to enter an amended final judgment if the Court grants this Motion.

infringement claim. On April 6, 2015, the District Court entered judgment in favor of CCGroup based on the jury's verdict.

On May 4, 2015, CCGroup filed a motion for a permanent injunction or, in the alternative, for the District Court to set an ongoing royalty rate. On September 7, 2016, the District Court entered an order on the parties' various post-trial motions, in which it denied CCGroup's request for a permanent injunction. With respect to an ongoing royalty rate, however, the District Court found it "appropriate to delay the consideration of evidence and calculating the ongoing royalty rate until after the completion of the appeals in this case." *Cave Consulting Group, LLC v. OptumInsight, Inc.*, No. 5:11-cv-469, 2016 WL 4658979, at *24 (N.D. Cal. Sept. 7, 2016).

Pursuant to local court rules, CCGroup filed a motion for leave to seek reconsideration of the District Court's post-trial order, citing, *inter alia*, *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 515 F. App'x 882, 882 (Fed. Cir. 2012) ("[E]ven assuming Rule 54(b) would give this court jurisdiction over a claim that is 'final except for an accounting' within the meaning of 28 U.S.C. § 1292(c)(2), the case is not 'final' because the district court has not yet determined ongoing royalties. An ongoing royalty is not the same as an accounting for damages."). *See* Mot. for Leave & Mot. for Recons., No. 5:11-cv-469, ECF No. 457 & 457-1 (N.D. Cal. Sept. 21, 2016).

Several weeks later, having received no ruling from the District Court, OptumInsight filed its Notice of Appeal. In order to preserve its rights, CCGroup subsequently filed its Notice of Cross-Appeal. Both parties noted the jurisdictional issue in their notices. To date, the District Court has not taken any action on CCGroup's motion for leave to seek reconsideration.

## ARGUMENT

There is no appealable final judgment in this case because the District Court did not rule on CCGroup's request that the court set an ongoing royalty rate.

After obtaining a jury verdict in its favor on its patent infringement claim, CCGroup filed a motion for a permanent injunction or, in the alternative, for the District Court to set an ongoing royalty rate. No. 5:11-cv-469, ECF No. 385-6 (N.D. Cal. May 4, 2015). In its order resolving the parties' post-trial motions, the District Court decided to defer any ruling on an ongoing royalty rate until after any appeals are concluded:

> [T]his case presents complex issues with regard to ongoing royalty rate for which there is no clear precedent. Thus, proceeding without the Federal Circuit's guidance may cause unnecessary expenditures of time and resources. Given the number and complexity of the issues in this case that remain unresolved, the Court finds that it would be appropriate to delay the consideration of evidence and calculating the ongoing royalty rate until after the completion of the appeals in this case.

*Cave Consulting Group, LLC v. OptumInsight, Inc.*, No. 5:11-cv-469, 2016 WL 4658979, at *24 (N.D. Cal. Sept. 7, 2016).[2]

The District Court's decision to a defer a ruling on this issue prevents the judgment[3] from being "final" under 28 U.S.C. § 1295(a)(1). *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1308 (Fed. Cir. 2013) ("Under the final judgment rule, a party may not take an appeal [under § 1295(a)(1)] 'until there has been a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)).

Permitting the parties' appeals to go forward in these circumstances could lead to piecemeal resolution of issues on appeal. For example, assuming the Court

---

[2] The District Court's decision also appeared to be motivated by its concern that it could not set an ongoing royalty rate "without trenching on Optum's Seventh Amendment right to a jury trial on that issue." 2016 WL 4658979, at *24. This Court has held that there is no Seventh Amendment right to a jury trial regarding ongoing royalties. *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314-16 (Fed. Cir. 2007). Furthermore, OptumInsight, citing *Paice*, agreed that the District Court had authority under 35 U.S.C. § 283 to set an ongoing royalty rate. OptumInsight's Resp. to Mot. for Permanent Inj. and to Set Ongoing Royalty Rate, No. 5:11-cv-469, ECF No. 408 at 18 (N.D. Cal. June 3, 2015) ("District courts may set an ongoing royalty rate in lieu of a permanent injunction. They may do so without a jury under the authority of Section 283 to grant injunctions in accordance with the principles of equity, and to avoid a series of lawsuits over damages.") (quotations & citations omitted).

[3] As mentioned in footnote 1 above, there is no single "final judgment" because the District Court did not enter an amended final judgment after granting CCGroup's motion to amend the judgment.

4

upholds the jury verdict finding OptumInsight liable for patent infringement, after remand the District Court would set an ongoing royalty rate, resulting in a potential second round of appeals to this Court. This is precisely what the final judgment rule is intended to prevent. *See Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("By requiring parties to raise all claims of error in a single appeal following a final judgment on the merits, section 1295, like its counterpart section 1291, forbids piecemeal disposition on appeal of what for practical purposes is a single controversy. If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no 'final decision' under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction.") (quotations & citations omitted).

The District Court's judgment also is not appealable under 28 U.S.C. § 1292(c)(2), which permits appeal to this Court from an otherwise-appealable judgment that is "final except for an accounting." This Court has held that setting an ongoing royalty rate is not "an accounting" within the meaning of § 1292(c)(2), and as a result, a district court's failure to rule on this issue prevents a judgment from being final and appealable. *Warsaw Orthopedics, Inc. v. NuVasive, Inc.*, 515 F. App'x 882, 882 (Fed. Cir. 2012) ("We agree with Warsaw that even assuming Rule 54(b) would give this court jurisdiction over a claim that is 'final except for an

5

accounting' within the meaning of 28 U.S.C. § 1292(c)(2), the case is not 'final' because the district court has not yet determined ongoing royalties. An ongoing royalty is not the same as an accounting for damages."); *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 346 F. App'x 580, 581 (Fed. Cir. 2009) (dismissing appeal as premature and impermissible under § 1292(c)(2) where "[p]roceedings to determine the terms of a license agreement to compensate Bard for Gore's future infringement [were] ongoing" in the district court). This is because "'[a]ccounting,' as used in § 1292(c), refers to infringement damages pursuant to 35 U.S.C. § 284," *Special Devices, Inc v. OEA, Inc.*, 269 F.3d 1340, 1343 n.2 (Fed. Cir. 2001), whereas setting an ongoing royalty rate constitutes equitable relief under 35 U.S.C. § 283. *Paice*, 504 F.3d at 1314.

Unless and until the District Court rules on the ongoing royalty issue, there will be no appealable final judgment in this case. The Court should therefore dismiss the parties' appeals for lack of appellate jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should grant CCGroup's Motion to Dismiss.

WHEREFORE, for the foregoing reasons, CCGroup respectfully requests that the Court grant this Motion, enter an order dismissing the parties' appeals and remanding the case to the District Court for a ruling regarding an ongoing royalty

rate for OptumInsight's continued infringement, and grant such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Richard L. Brophy
Richard L. Brophy
Mark A. Thomas
Zachary C. Howenstine
Armstrong Teasdale LLP
7700 Forsyth Boulevard
St. Louis, MO 63105
(314) 621-5070
rbrophy@armstrongteasdale.com
mathomas@armstrongteasdale.com
zhowenstine@armstrongteasdale.com

*Counsel for Appellee/Cross-Appellant*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Cave Consulting Group, LLC     v.     OptumInsight, Inc.

Case No.   17-1060, 17-1093

## CERTIFICATE OF INTEREST

Counsel for the:
☐ (petitioner) ☐ (appellant) ☐ (respondent) ☒ (appellee) ☐ (amicus) ☐ (name of party)

Cave Consulting Group, LLC

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| Cave Consulting Group, LLC | Cave Consulting Group, LLC | None |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

Armstrong Teasdale LLP

11/22/2016
Date

/s/ Richard L. Brophy
Signature of counsel

Please Note: All questions must be answered

Richard L. Brophy
Printed name of counsel

cc:

Reset Fields

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2016, I filed this document with the Court's CM/ECF filing system, which delivered notice of this filing to the following counsel for Appellant OptumInsight, Inc.:

J. Thomas Vitt
vitt.thomas@dorsey.com

Paul D. Ackerman
paulackerman@andrewskurth.com

Shannon L. Bjorklund
bjorklund.shannon@dorsey.com

Edward R. Reines
edward.reines@weil.com

/s/ Richard L. Brophy